**8134**

No. 8134.

STATE OF LOUISIANA.

JOSEPH SCHILKOFFSKY

COURT OF APPEAL

VS

WIDOW EDWARD MARMILLON.

PARISH OF ORLEANS.

Court of Appeal
PARISH OF ORLEANS
FILED DEC 12/91
[signature] Stansbury

**8134**

OPINION.

By his Honor John St. Paul.

On April 23rd 1920 plaintiff sued out Executory Process on a promissory note dated January 14th 1914 and payable January 14th 1915. Defendant enjoined the seizure on the ground that plaintiff had been placed in charge of the property for the purpose of collecting the rents and paying himself; and that he had collected sufficient rents to discharge the note with interest &c. The judgment below was for defendant.

I.

In this court defendant filed a plea of prescription of five years, which of course is not well founded; since in fact, and according to her own allegations and evidence, plaintiff was put in charge of the property for the purpose of paying himself; and this was a continious acknowledgment of the debt which interrupted prescription.

II.

The evidence shows that plaintiff was in exclusive charge of the property from January 1st 1914 to December 31st 1916, and had joint charge thereof with a Homestead Association from January 1st 1917 to June 30th 1918; that during the time he was in charge, he rendered defendant only

151

a partial, slovenly and incorrect statement of her account; partial because it runs only through 1910; slovenly because it *gives* no details as to the source from which rents were actually collected, and assigns no reasons for failure to collect rents due, but not paid; incorrect, because it does not _itemize_ the lump sums put down as charges, in which lump sums are included the _interest_ on the notes for four successive years, _which same interest he is now suing for._

On the whole it is not such an account as an agent should render his principal; and therefore, whilst we are not prepared to say that plaintiff has been paid in full (because we decline to _make up_ that account) yet we think that defendant's injunction should be perpetuated unless and until plaintiff shall have rendered her a full and correct account of his administration, and shall have established clearly the balance if any, due by her on the note herein sued upon. This can be done by affirming the judgment of the trial court and reserving plaintiffs right to sue _via ordinaria_ for the *such* balance, if any, after accounting to the defendant. But we charge him with the costs.(Act of 1910)

152

The judgment appealed from is therefore affirmed; reserving however, to the plaintiff the right to sue via ordinaria for such balance as may be due him on the note herein sued upon after he shall have accounted fully and fairly to the defendant for the rents which he has collected, or should have collected, from her property. *Plaintiff* to pay costs of both courts.